# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**MASTEC NORTH AMERICA, INC.,**

    **Plaintiff,**

    v.                                      Case No. 06-02296-JWL

**ALLEGIANCE COMMUNICATIONS, LLC;**
**BUFORD MEDIA GROUP; and**
**THE WICKS GROUP OF COMPANIES, LLC;**

    **Defendants.**

_____

## MEMORANDUM & ORDER

This suit stems from an alleged contractual arrangement entered into between Plaintiff MasTec North America, Inc. (a Florida corporation) and defendants: Allegiance Communications, LLC (a Texas LLC), Buford Media Group (a Texas LLC), and The Wicks Group of Companies, LLC (a New York LLC).[1] MasTec states that defendants hired it to perform construction work on a cable plant in Herington, Kansas, which MasTec refers to as the "Herington Project" or "Project."[2] MasTec alleges that its performance was completed by late December 2005, but that it never received full payment from the defendants.

MasTec's complaint asserts nine claims: (1) fraud, (2) detrimental reliance, (3) unjust

---

[1] MasTec alleges that Allegiance Communications is wholly owned by the The Wicks Group of Companies and Buford Media Group, which defendants do not dispute.

[2] Defendants argue that the references to "Project" are vague because they fail to identify whether MasTec is referring to the project in Herington or some other project. However, MasTec clarified this in their response, stating that all references to "Project" were to the project in Herington.

enrichment, (4) constructive trust, (5) conversion, (6) breach of contract, (7) negligence, (8) intentional misrepresentation, and (9) negligent misrepresentation.  This matter is presently before the court on defendants' motion to dismiss (doc. 17) MasTec's fraud claims (counts 1 and 8)  for failure to plead fraud with particularity as required by Fed. R. Civ. P. 9(b).  Defendants' motion also requests a more definite statement with regard to all other claims.

## I. Fraud Plead With Particularity

The court treats a motion for dismissal for failure to plead fraud with sufficient particularity under Rule 9(b) according to the same standards as a Rule 12(b)(6) motion. *Grossman v. Novell, Inc.*, 120 F.3d 1112, 1118 n.5 (10th Cir. 1997) (citing *Seattle-First Nat'l Bank v. Carlstedt*, 800 F.2d 1008, 1011 (10th Cir. 1986)).  The court will dismiss a cause of action for failure to state a claim only when "it appears beyond a doubt that the plaintiff can prove no set of facts in support of [its] claims which would entitle [it] to relief," *Poole v. County of Otero*, 271 F.3d 955, 957 (10th Cir. 2001) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)), or when an issue of law is dispositive, *Neitzke v. Williams*, 490 U.S. 319, 326 (1989).  The court accepts as true all well-pleaded facts, as distinguished from conclusory allegations, and all reasonable inferences from those facts are viewed in favor of the plaintiff. *Smith v. Plati*, 258 F.3d 1167, 1174 (10th Cir. 2001).  The issue in resolving a motion such as this is "not whether [the] plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) (quotation omitted).

When deciding a motion to dismiss, generally it is unacceptable for the court to look

beyond the four corners of the pleadings. *Dean Witter Reynolds, Inc. v. Howsam,* 261 F.3d 956, 961 (10th Cir. 2001). Regardless of the parties' allegations in other documents, in deciding this motion "we do not consider those materials." *Moffett v. Halliburton Energy Services, Inc*. 291 F.3d 1227, 1231 n.3 (10th Cir. 2002). However, the court may consider documents attached as exhibits to the complaint. *Oxendine v. Kaplan,* 241 F.3d 1272, 1275 (10th Cir. 2001) (citing Fed. R. Civ. P. 10(c) and *Hall v. Bellmon*, 935 F.2d 1106, 1112 (10th Cir. 1991)).

Rule 9(b) requires that "[i]n all averments of fraud . . . , the circumstances constituting fraud . . . shall be stated with particularity." Fed. R. Civ. P. 9(b). This requirement must be read in conjunction with Rule 8's requirement that pleadings be simple, concise, and direct. *Schwartz v. Celestial Seasonings, Inc.*, 124 F.3d 1246, 1252 (10th Cir. 1997). Rule 9(b)'s purpose is to give the defendant fair notice of the plaintiff's claims and the factual grounds upon which they are based. *Id.* (quoting *Farlow v. Peat, Marwick, Mitchell & Co.*, 956 F.2d 982, 987 (10th Cir. 1992)). Thus, a complaint alleging fraud must "'set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof.'" *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1236 (10th Cir. 2000) (quoting *Lawrence Nat'l Bank v. Edmonds*, 924 F.2d 176, 180 (10th Cir. 1991)); *accord Schwartz,* 124 F.3d at 1252. "In other words, the plaintiff must set out the 'who, what, where, and when' of the alleged fraud." *Plastic Packaging Corp. v. Sun Chem. Corp.*, 136 F. Supp. 2d 1201, 1203 (D. Kan. 2001)(citations omitted).

The fraud claim in Count 1 of MasTec's complaint alleges that defendants "used

material misrepresentations regarding the Project, specifically knowing the Project was not appropriately funded and the owner did not have the capacity to make timely payments." MasTec's intentional misrepresentation claim embodied in Count 8 is even more vague; it simply states that the defendants "intentionally made false statements to MasTec to induce them to perform services." These broad allegations specify nothing about the content of the alleged misrepresentations and therefore fail to state the "what" of the alleged fraud.

MasTec also fails to adequately plead "who" made the alleged misrepresentations. Simply stating that Allegiance Communications, Buford Media Group, and The Wicks Group, which are corporate entities, made the misrepresentations is insufficient. MasTec must identify the particular individual or individuals who made the misrepresentations. *Plastic Packaging Corp.*, 136 F. Supp. 2d at 1204. Furthermore, because it alleges fraud against multiple defendants, MasTec must separately set forth the acts of each defendant to satisfy the particularity requirement. *Gottstein v. National Ass'n for Self Employed*, 53 F. Supp. 2d 1212, 1223 (D. Kan. 1999). Finally, nowhere in the complaint does MasTec refer to specific dates or locations where the misrepresentations occurred, as required by the Tenth Circuit. *See Koch*, 203 F.3d at 1236-37 (finding a complaint alleging that misrepresentations were made during a multi-year timespan and failing to mention at all the location where the misrepresentations were made was insufficient to satisfy Rule 9(b)).

Because MasTec's fraud and intentional misrepresentation claims fail to set forth the "time, place and contents of the false representation[s], the identity of the party making the false statements and the consequences thereof," the court finds that Count 1 and Count

4

8 of MasTec's complaint do not meet the particularity requirements imposed by Rule 9(b). The court finds it possible, however, that MasTec could plead facts that might cure this deficiency in its complaint. Therefore, the court exercises its discretion provided by Fed. R. Civ. P. 15(a) and grants plaintiff leave to amend its complaint on or before December 17, 2006, to conform to the pleading requirements imposed by Rule 9(b).

**II.     Motion for a More Definite Statement**

Defendants move for a more definite statement with regard to all other claims in MasTec's complaint. Defendants specifically ask the court to order MasTec to attach the relevant contract or identify the alleged amount owed, the scope of the alleged breach, the applicable credits for payments and the actual amount being sought in damages.

A party may move for a more definite statement of any pleading that is "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e). Such motions are disfavored in light of the liberal discovery provided under the federal rules and are granted only when a party is unable to determine the issues requiring a response. *Resolution Tr. Corp. v. Thomas*, 837 F. Supp. 354, 355 (D. Kan. 1993). "A motion for more definite statement should not be granted merely because the pleading lacks detail; rather, the standard to be applied is whether the claims alleged are sufficiently specific to enable a responsive pleading in the form of a denial or admission." *Advantage Homebuilding, LLC v. Assurance Co. of America*, No. Civ. A. 03-2426-KHV, 2004 WL 433914, at *1 (D. Kan. March 5, 2004). The decision whether to grant or deny such a motion lies within the sound discretion of the court. *Graham v. Prudential Home Mortgage Co.,*

*Inc.*, 186 F.R.D. 651, 653 (D. Kan. 1999).

Other courts have examined motions for a more definite statement within the specific context of contract claims, finding that "as long as the defendant has reasonable notice of the plaintiff's contract based claim, the motion for a more definite statement will be denied." 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1377 (3d ed. 2004) (gathering cases). In other words, "a more definite statement will be required when 'defendants can only guess as to what conduct [or] contracts an allegation refers.'" *555 M Manufacturing, Inc. v. Calvin Klein, Inc.*, 13 F. Supp.2d 719, 724 (N.D. Ill. 1998) (quoting *Jackson Nat'l Life Ins. Co. v. Gofen & Glossberg, Inc.*, 882 F. Supp. 713, 726 (N.D. Ill. 1995)). Simply put, to survive a Rule 12(e) motion on a breach of contract claim "the plaintiff must recite the relevant agreement, the basic contents of that agreement, and the pertinent parties. *Id.* (citing *Moore v. Fidelity Fin. Servs.*, 869 F. Supp. 557, 560-61 (N.D. Ill. 1994)).

Paragraph 49 of the complaint states that "Defendants entered into a contract with MasTec wherein Defendants agreed to make payments to MasTec for services provided to the Defendants for construction of the entire Allegiance cable plant within the entire town limits of Herington, Kansas." Paragraph 51 states: "Defendants, and each of them, have wholly failed to perform, by failing to make all payments to MasTec for the work they have performed under the agreement."

In light of the restrictive attitude toward granting Rule 12(e) motions, the court finds that these statements appear to set forth the general contents of the agreement and the

pertinent parties, and therefore may be sufficient to survive defendants' Rule 12(e) motion. However, despite the general reluctance to grant Rule 12(e) motions, the court recognizes that a more definite statement related to threshold defenses, such as the statute of limitations and the statute of frauds, may be necessary to promote the speedy adjudication of cases. *See* 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1377 (3d ed. 2004). Nowhere in its complaint does MasTec indicate the date the contract was formed or whether the contract was oral or written. The court concludes that requiring MasTec to provide more information related to these matters will enable defendants to draft an accurate responsive pleading and may promote a more efficient resolution of this case. Because the court has already determined MasTec must amend its complaint with respect to the fraud claims, it sees no harm in requiring MasTec to provide more information with respect to its breach of contract claim as well.

Although defendants' request a more definite statement of all remaining claims in MasTec's complaint, the only specific claim referenced is the breach of contract claim. Because the defendants failed to articulate the deficiencies preventing them from framing a responsive pleading to MasTec's detrimental reliance, unjust enrichment, constructive trust, conversion, negligence, intentional misrepresentation, and negligent misrepresentation claims, the court will not assess every conceivable way those claims may lack the requisite specificity.[3] This is not to say, however, that plaintiff might not be better served in

---

[3]It does appear to the court that the negligence claim in Count 7 fails to allege facts sufficient to withstand dismissal pursuant to Fed. R. Civ. P. 12(b)(6) because there is no

expediting the resolution of this litigation if it took another look at those claims and either fleshed them out or abandoned some or all of them in their entirety.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendants' motion (doc. 17) is denied in part and granted in part. To the extent it is a motion to dismiss, it is denied. To the extent it is a motion for a more definite statement, it is granted. Plaintiff is granted leave to file an amended complaint on or before December 17, 2006.

**IT IS SO ORDERED** this 17th day of November, 2006.

                                                s/ John W. Lungstrum
                                                John W. Lungstrum
                                                United States District Judge

---

mention of duty or breach of duty.